## MUNICIPALITY OF DORADO, Plff.,

*v.*

## CLARA LIVINGSTON, Dft.

San Juan, Equity, No. 1238.

Opinion filed June 26, 1924.

460

*Mr. R. Diaz Collazo* for plaintiff.

*Mr. J. Henri Brown* for defendant.

ODLIN, Judge, delivered the following opinion:

This suit was originally brought against the Unknown Succession of Alfred T. Livingston, deceased, in the Insular district court of San Juan, and later removed by the defendant to this court. It was thereafter agreed by counsel for both parties that Clara Livingston was the sole heir of Alfred T. Livingston, deceased, and that the suit should proceed as against her alone.

The complaint alleges that the plaintiff is a municipal corporation, and sets forth that the defendant owns an estate situated within the limits of the municipality of Dorado, which is described in the complaint as bounded on the north, east and west by the estates known as Santa Rita and Santa Barbara, while it is bounded on the south by the railroad line of the American Railroad of Porto Rico. It is further alleged that the plaintiff is the owner of a neighborhood road generally known by the name of La Playa, which begins in the town of Dorado and leads to the Barrios of Pueblo and Higuillar; that for more than thirty years and from time immemorial the town of Dorado has been using, improving, and maintaining this road for its use and benefit, and that this road in part crosses the property of defendant. It is also alleged that the defendant, without the consent of the plaintiff and without title or any right whatever, has established or caused to be established upon a part of the said neighborhood road, which it is alleged crosses the property of the defendant, a certain gate or swinging door, described in

the complaint as a "portal," and has placed or caused to be placed in connection with said swinging door or gate a sign which reads "No Trespassing," and in this manner forbids the residents of the Municipality of Dorado the free use and passage over the said neighborhood road. It is also alleged that the placing of the said gate or portal embarrasses, interrupts, and obstructs the free passage of those persons who use the said neighborhood road in general, and particularly embarrasses, interrupts, hinders and obstructs the free passage of the residents of the municipality of Dorado, residing in the barrios of Pueblo and Higuillar. The complaint closes with the allegation that the Municipality is without any adequate remedy at law, and asks for an injunction against the defendant, and that the court cause the defendant to remove the said portal or gate, and that the said neighborhood road be thus left free for the disposition, use, and access of the Municipality.

The answer filed by the defendant admits that the plaintiff is a municipal corporation, and sets forth that the widow of Alfred T. Livingston, whose name was Nellie H. Livingston, and the daughter of the said Alfred T. Livingston, whose name is Clara Livingston, were at the time of the filing of the answer the only heirs of the said Alfred T. Livingston, and that at the time of the filing of the answer they each owned an undivided one-half interest in the estate wholly situated in the barrio of the municipality of Dorado called Higuillar, which estate contains 1620 cuerdas, more or less. At the time of the trial it was admitted that the widow, Nellie H. Livingston, had departed this life, and that the daughter, Clara Livingston, was the sole owner of said estate. The answer alleges that the boundaries of the said estate as set forth in the complaint are incorrect and that the

true boundaries are as follows: bounded on the north by the Atlantic ocean, on the east by the estates known as Santa Rita and Santa Barbara, and by property of John L. Gay; on the south by the line of the railroad of the American Railroad Company of Porto Rico; and on the west by lands of Central San Vicente. The answer denies that the neighborhood road called La Playa or any other public road enters upon or crosses the estate of the defendant. It is also set forth in the answer that the defendant maintains a gate at the entrance of said estate, which gate is placed in connection with the boundary fence between the said estate and the land of John L. Gay on the east, and that there is a sign "No Trespassing" posted in connection with this gate, and that the gate has been maintained by the defendant and by the deceased father of the defendant, Alfred T. Livingston, for many years. It is further alleged that the road to which said gate gives access belongs to the defendant and is situated entirely upon her property; that it is not now and never has been a public road, and it is claimed that neither the Municipality of Dorado nor the public in general have any right to enter upon or to use this private road. The concluding paragraph of the answer alleges that the defendant does not obstruct free passage along any neighborhood road of the municipality or any other public road by means of a gate or otherwise, and avers that the gate referred to in the answer and in the complaint is the only gate which is maintained by the defendant or which gives access to the estate, except a gate which opens upon the railroad track of the American Railroad Company.

After the testimony of the witnesses in this case was given, the request was made by the counsel for the municipality of

Dorado that the undersigned judge would make a personal inspection of the premises. This was done on the 15th of this month, and during this inspection the defendant was present and also several officials of the Municipality of Dorado. The court believes that it was able to gain quite an accurate knowledge of the situation. Of course, in a case of this kind the burden of proof is on the plaintiff, and I think the proof establishes that there is a public road known as La Playa, which leads from the center of the town of Dorado in a northwesterly direction 6 kilometers, more or less, to a point near the Atlantic ocean, and at this point there is a gate in connection with a fence which forms the eastern boundary of the estate in question. The proof is quite clear that when the deceased Alfred T. Livingston acquired this property and took possession thereof about the year 1906, he caused to be built at his own expense along the northern line of his estate curving toward the northwest for a distance of about two kilometers a road suitable for the passage of persons traveling either on foot or with horse and buggy, or with automobile. There is no question that the municipality of Dorado has expended money in an endeavor to keep in shape the road which leads from the center of the town to the gate itself, but I do not find that the municipality of Dorado has expended any money in the building or the maintenance of the road after the gate is passed. Furthermore, various maps were introduced in evidence, and I find on none of these maps that the road which is in litigation here in connection with the gate appears as a public road. It is true that the officials of the municipality of Dorado in the year 1923 caused to be inscribed in the office of the commissioner of the interior at San Juan a declaration or a formal statement that the road beyond the gate

was a public road of the town, but of course this act did not bind Alfred T. Livingston in his lifetime, and cannot bind Clara Livingston, who is the present sole heir and owner of the estate.

In this connection, it must be observed, that, although Alfred T. Livingston placed the gate at the opening of his estate about the year 1906, the present suit was not brought until August, 1923. The conclusion to my mind is irresistible that if the municipality of Dorado had any substantial rights to the road in question and a right to object to the presence of the gate, application to the courts for relief would have been made long before 1923. No explanation was given by any of the witnesses for the municipality as to this strange delay. A court of equity would perhaps be justified in dismissing this case on the ground of laches alone, but I do not base my decision upon that ground. The decision in favor of the defendant is based upon the ground that the Municipality has failed to prove the allegations of its complaint, and for that reason the decision must be in favor of the defendant.

The bill for an injunction will be dismissed, and the municipality of Dorado will pay the costs of this proceeding, and it is so ordered.

To this order and opinion counsel for the Municipality of Dorado excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 26th day of June, 1924.